**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-40182
(Summary Calendar)

MARY ESTRELLO,

Plaintiff-Appellant,

versus

TOWN OF FLOWER MOUND;
DAVE BRUNGARDT; JAMES RONALD
RAGLAND,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
(96-CV-276)

August 26, 1998

Before JOLLY, SMITH and WIENER, Circuit Judges.

Per Curiam[*]

In this appeal from the dismissal of her civil rights claims asserted under 42 U.S.C. § 1983, Plaintiff-Appellant Mary Estrello asks us to reverse the district court's grant of summary judgment in favor of Defendants-Appellees Dave Brungardt and James Ronald Ragland, on grounds of qualified immunity, and in favor of Defendant-Appellee the Town of Flower Mound, rejecting municipal liability on grounds of Estrello's failure to demonstrate an underlying constitutional deprivation by an official vested with policymaking authority. More specifically, Estrello complains that the district court erred in concluding that her "speech" did not address matters of public concern — contending

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the court examined the wrong speech to reach that conclusion — and thus erred in concluding that she did not establish a constitutional deprivation. Estrello also asserts that the district court erred in making factual findings in its review of the summary judgment evidence submitted.

We have carefully reviewed the Memorandum Opinion and Order of the district court in light of the entire summary judgment record and the legal arguments made in the briefs filed in this appeal by able counsel for Estrello and for the defendants. In our *de novo* review of the district court's grant of summary judgment dismissing Estrello's claims against all defendants-appellees, we have reached the same conclusions as did the district court, for essentially the same reasons set forth in that court's comprehensive and well-crafted opinion. Consequently, no useful purpose would be served by our writing separately, as doing so would merely constitute a redundant waste of judicial resources, which we decline to do. Therefore, the summary judgment of the district court is, in all respects, AFFIRMED.